

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00045-CR and 04-15-00046-CR

Freddie Lee **SCOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR6965 and 2009CR8008
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
           Patricia O. Alvarez, Justice
           Luz Elena D. Chapa, Justice

Delivered and Filed:  October 14, 2015

AFFIRMED

Appellant Freddie Lee Scott was indicted for two counts of possession of a controlled substance.  In cause number 2009CR6965, Scott was charged with possession of cocaine in an amount of four grams or more but less than 200 grams; and in cause number 2009CR8008, Scott was charged with possession of methamphetamine in an amount of four grams or more but less than 400 grams.

On February 10, 2011, Scott entered a plea of guilty and was sentenced to six years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed

a fine in the amount of $1,500.00 for each cause. The trial court recommended Scott be placed in the State Boot Camp Program.

On March 3, 2011, Scott filed a motion for shock probation in each cause.[1] On August 2, 2011, the trial court granted the motions and Scott's sentences were suspended and probated for a term of six years. As conditions of his probation, Scott was ordered to submit for drug testing, pay supervisory fees, pay restitution, attend drug and alcohol classes, perform community service restitution, and participate in a parenting class.

On September 16, 2013, April 29, 2014, and December 1, 2014, the State filed motions to revoke, alleging Scott's failure to comply with the terms of his probation. On January 13, 2015, a hearing was held regarding the December 1, 2014 motion to revoke. Scott entered a plea of true to violating the following conditions of his probation:

| | |
|---|---|
| Condition 2: | Failure to submit for drug testing on September 22, 2014 |
| Condition 10A: | Failure to pay supervisory fees |
| Condition 10D: | Failure to pay court ordered restitution |
| Condition 15I: | Failure to attend Intensive Outpatient Treatment on October 29, 2014 |
| Condition 20: | Failure to complete court ordered community service restitution; and |
| Condition 41: | Failure to attend court ordered parenting classes. |

The trial court found each of the alleged violations true and revoked Scott's probation. Scott was sentenced to five years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $1,500.00 in each cause. Scott timely filed his notices of appeal.

---

[1] The Texas Code of Criminal Procedure allows for a court, within 180 days from the date the execution of the sentence actually begins, to suspend the imposition of a sentence of confinement and to place the defendant on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12(3)(a), (6)(a).

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Scott's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In appellate counsel's brief, she recites the relevant facts with citations to the record, analyzes the record with respect to the evidence supporting the conditions the trial court found Scott to have violated, and accompanies the analysis with relevant legal authorities. Counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude the briefs meet the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Scott with copies of the briefs and counsel's motions to withdraw, and informed Scott of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). This court also advised Scott of his right to request a copy of the record and file a brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). No additional briefing was filed in this court.

### CONCLUSION

Having reviewed the entire record and court-appointed counsel's *Anders* briefs, we agree with Scott's court-appointed appellate counsel that there are no arguable grounds for appeal and the appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgments and grant appellate counsel's motions to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Scott wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

discretionary review or 0he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH